```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/24/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUBRIL PECOU, individually and as the representative of a class of similarly situated persons, and on behalf of Bessemer Trust Company 401(k) and Profit Sharing Plan,

                Plaintiff,

-against-

BESSEMER TRUST COMPANY and PROFIT SHARING PLAN COMMITTEE OF BESSEMER TRUST COMPANY,

                Defendants.

1:22-cv-01019-MKV

ORDER GRANTING
LEAVE TO AMEND

MARY KAY VYSKOCIL, United States District Judge:

      On April 11, 2022, in response to Defendants' letter requesting that the Court hold a pre-motion conference on Defendants' anticipated Motion to Dismiss [ECF No. 16], the Court entered an order granting Defendants leave to file a Motion to Dismiss. [ECF No. 18]. The Court directed Plaintiff to file a letter informing the Court whether he seeks leave to amend the Complaint in response to Defendants' pre-motion letter. [ECF No. 18]. The Court admonished Plaintiff that he was on notice that "declining to amend his pleadings to timely respond to arguments raised in the defendant's letters may well constitute a waiver of Plaintiff's right to use the amendment process to cure any defects that have been made apparent by the Defendant's pre-motion letter request." [ECF No. 18]. Shortly thereafter, Plaintiff filed a letter advising the Court that he did not intend to amend his Complaint. [ECF No. 21]. Despite the Court's warning, midway through briefing on Defendants' Motion to Dismiss, Plaintiff sought leave to move to amend [ECF No. 31], which the Court granted. [ECF No. 33].

      Plaintiff moves to amend the Complaint to add one additional plaintiff. [ECF No. 35, at 3]. Plaintiff represents that adding this plaintiff will moot arguments raised by Defendants

1

related to the release in Plaintiff's separation agreement.  [ECF No. 35, at 3].  Defendants oppose Plaintiff's motion.  [ECF No. 37].

Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  Amendments are generally favored because they "tend to facilitate a proper decision on the merits."  *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).  "Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground."  *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (quoting *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)).  Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading."  *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020).  In adopting this rule, the Second Circuit explained that this approach "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient."  *Id.*  Accordingly, district courts have "the option of either denying the pending motion [to dismiss] as moot or evaluating the motion in light of the facts alleged in the amended complaint."  *Id.* at 303–04.

Where the proposed amendment requires leave of court, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave."  *Rheaume v. Pallito*, No. 2:15–cv–

135–wks–jmc, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *accord Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (reversing district court's denial of motion for leave to amend complaint and holding that motion for leave rendered moot pending motion to dismiss rather than vice versa).

The Court elects to grant Plaintiff leave to amend and to deny the pending motion to dismiss as moot. As noted, this is the preferred course where the amended complaint requires leave of court. *Rheaume*, 2015 WL 7300790, at *2. In addition, "granting leave to amend is consistent with the liberal standard of Rule[ ] 15 . . . , and with the Second Circuit's 'strong preference for resolving disputes on the merits.'" *Patterson v. Morgan Stanley*, No. 16-cv-6568 (RJS), 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).

The Court also finds no undue delay by Plaintiff and prejudice to Defendant from permitting amendment at this early stage in the litigation. There is no undue delay as Plaintiff's request for leave was filed in response to Defendants' motion to dismiss. *See Joint Stock Co. v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (finding no undue delay where plaintiffs moved for leave to amend twenty-four days after defendant moved to dismiss and before any defendant answered complaint); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (noting that mere delay, absent bad faith or undue prejudice, is not alone grounds to deny leave to amend). There is "no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established." *Joint Stock Co.*, 2017 WL 2988249, at *1. There is also no evidence of bad faith.

As to futility, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Chubb INA Holdings Inc. v. Chang*, No. 16-2354-BRM-DEA, 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016) (collecting cases). The Court therefore declines to consider whether Plaintiff's proposed amendments would be futile.

By reason of Defendants' motion to dismiss, Plaintiff is on notice of the alleged deficiencies in its pleading. Plaintiff is warned that the Court will be reluctant to grant further leave to amend if Defendant successfully moves to dismiss the Amended Complaint. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, internal quotation marks, and citations omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's cross-motion for leave to amend [ECF No. 34] is GRANTED and Defendants' motion to dismiss [ECF No. 23] is DENIED without prejudice as moot. Plaintiff shall file its Amended Complaint on or before August 30, 2022. Defendants must respond to any amended complaint within 14 days of its filing. Should Defendants wish to move to dismiss the amended complaint, they need not submit a pre-motion letter and may proceed directly to motion practice. In the event Defendants file a new motion to dismiss, the briefing for that motion will be on the schedule set forth in Local Rule 6.1(b). Any request for an extension or adjournment shall be made by letter filed on ECF and must be received at least 48 hours before the deadline.

The clerk of Court is respectfully requested to terminate docket entries 23 and 34.

**SO ORDERED.**

**Date: August 24, 2022**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**