## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUBRIL PECOU and ASHLEY SCHIEFER, individually and as representatives of a class of similarly situated persons, and on behalf of the Bessemer Trust Company 401(k) and Profit Sharing Plan,<br><br>      Plaintiffs,<br><br>v.<br><br>BESSEMER TRUST COMPANY and PROFIT SHARING PLAN COMMITTEE OF BESSEMER TRUST COMPANY<br><br>      Defendants. | Case No. 1:22-cv-01019-MKV<br><br><br>**DECLARATION OF BROCK J. SPECHT IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Brock J. Specht, declare and state as follows:

1.     I am a partner at Nichols Kaster, PLLP ("Nichols Kaster"), and am one of the attorneys of record for Plaintiffs in the above captioned action. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

### Settlement Terms

2.     Attached hereto as **Exhibit A** is a true and correct copy of the proposed Settlement Agreement. The Settlement resolves Plaintiffs' class action claim against Bessemer Trust Company ("Bessemer") and the Profit Sharing Plan Committee of Bessemer Trust Company (the "Committee") (collectively, "Defendants") regarding Defendants' administration and management of the Bessemer Trust Company 401(k) and Profit Sharing Plan (the "Plan").

3.     The Settlement Agreement applies to the following Settlement Class:

> All Participants except a Person who was a member of the Profit-Sharing Plan Committee of Bessemer Trust Company during the Class Period.

1

*Ex. A ¶ 1.41*. Based on information provided by Defendants, there are approximately 2,600 Class Members.

4.      Under the terms of the proposed Settlement, Defendants will pay a Settlement Amount[1] of $5 million into a common fund for the benefit of the Settlement Class. *Id*. *¶¶ 1.40, 8.1-8.3*. Based on Plaintiffs' estimates, total losses in this case ranged from approximately $19.5 million to $45.0 million, and the Settlement Amount represents approximately 11% to 26% of the total estimated losses.

5.      After accounting for any attorneys' fees and expenses, Settlement Administration Expenses, taxes and tax-related expenses, and Case Contribution Awards approved by the Court, the Net Settlement Fund will be distributed to eligible Settlement Class members. *Id*. *¶¶ 1.25, 9.2, 9.3*.

6.      Under the proposed Plan of Allocation, attached as **<u>Exhibit B</u>**, the Net Settlement Fund will be divided *pro rata* among Settlement Class members based on each person's average balance invested in the underlying funds at issue in this case during the relevant time period. This is done by calculating each Settlement Class member's Final Individual Dollar Recovery. *Ex. A ¶ 9.3*. To calculate the Final Individual Dollar Recovery in relation to other Settlement Class members, the Settlement Administrator shall determine an Average Qualifying Account Balance for each Current Participant and Former Participant, which is the average, aggregate quarter-ending account balance invested in the Challenged Investments in the Plan for the period of January 26, 2016 to March 31, 2013. *Id. ¶ 9.3.4*; *Ex. B ¶ 1.1*. A Settlement Class member's Final Individual Dollar Recovery shall be determined by calculating each individual's pro rata share of

---

[1] Unless otherwise specified herein, all capitalized terms have the meaning assigned to them in Section 1 of the Settlement Agreement.

the Net Settlement Fund based on his or her Average Qualifying Account Balance compared to the sum of all Current Participants' and Former Participants' Average Qualifying Account Balance. *Ex. B ¶ 1.1.* However, in order to avoid incurring excessive processing and distribution costs for any Settlement Class member with a *de minimis* Final Individual Dollar Recovery, if the amount of a Former Participant's Final Individual Dollar Recovery is less than $5.00, then that Former Participant's pro-rata share shall be zero for all purposes and his or her share shall be reallocated amongst the other Settlement Class members. *Id.* ¶ 1.1(c)

7.      Current Participants' accounts will be automatically credited with their Final Individual Dollar Recovery. *Id.* ¶ 2.2. Former Participants will have the opportunity to elect a rollover to a qualified retirement account or check in the amount of their Final Individual Dollar Recovery. *Id.* ¶ 3.1.

8.      In the absence of a settlement, Plaintiffs would have faced uncertainty and risk in connection with their claims. Given these risks (which are outlined in the accompanying Memorandum of Law), and the costs and potential delays associated with further litigation, I believe that the Settlement is fair, reasonable, and adequate.

## Case Proceedings

9.      Prior to filing the Complaint in this action, my colleagues and I conducted a thorough investigation of the claims that were asserted and the factual basis for those claims. As a result of our investigatory efforts, we were able to file a detailed, 32-page Complaint on February 4, 2022 (*ECF No. 1*).[2] On August 26, 2022, after seeking leave from the Court, Plaintiffs filed the operative Amended Complaint (*ECF No. 46*) adding Ms. Schiefer as an additional Plaintiff.

---

[2] Plaintiff Pecou initially filed this action in the District of New Jersey on January 26, 2016, before voluntarily dismissing and refiling in the Southern District of New York. *See Pecou v.*

10.    On September 23, 2022, Defendants filed a motion to dismiss the Amended Complaint. *ECF No. 47*. Plaintiffs filed a memorandum of law in opposition to Defendants' motion on October 21, 2022 (*ECF No. 53*), to which Defendants replied on November 11, 2022 (*ECF No. 55*).

11.    Prior to the filing of Defendants' reply brief, Defendants proposed mediation as a possibility for resolving this case prior to undertaking costly and time-consuming discovery. The Court granted the Parties' request to stay any decision on Defendants' motion to dismiss until after mediation (*ECF No. 57*), and on January 6, 2023, the Parties engaged in a full-day, in-person mediation before Mr. Robert A. Meyer. Mr. Meyer is a well-respected mediator who has successfully resolved numerous class action cases, including ERISA actions. A copy of Mr. Meyer's biography is attached as **Exhibit C**.

12.    At the conclusion of the mediation, the Parties reached a settlement-in-principle. The Parties then negotiated the details of the comprehensive Settlement Agreement that is the subject of the present motion. For the reasons explained above, I believe the Settlement is fair, reasonable, and adequate.

**Professional Overview**

13.    I am licensed to practice law in the State of Minnesota, and also have been admitted to practice in several federal district courts and appellate courts across the country. A list of jurisdictions in which I have been admitted is set forth below:

| |
|---|
| United States Court of Appeals for the Second Circuit |
| United States Court of Appeals for the Third Circuit |
| United States Court of Appeals for the Fourth Circuit |
| United States Court of Appeals for the Eighth Circuit |
| United States Court of Appeals for the Ninth Circuit |

---

*Bessemer Trust Company, et al*, Civil Action No. 2:22-cv-00377-JXN-JSA (D.N.J. Jan. 26, 2022).

| United States District Court for the District of Minnesota |
| United States District Court for the Western District of New York |
| United States District Court for the District of North Dakota |
| United States District Court for the Eastern District of Wisconsin |
| Minnesota Supreme Court |

14.    I have been actively engaged in the practice of law since 2007 and have been counsel of record for both plaintiffs and defendants in numerous, large, complex cases that resolved through the payments of hundreds of millions of dollars in settlements or awards. The principal type of cases that I have handled at Nichols Kaster are consumer class actions and ERISA class actions. With regard to ERISA class actions, I have substantial experience litigating these cases in federal courts across the country and, in connection with those cases, I have been involved in negotiating class action settlements providing for more than $250 million in available relief to ERISA plan participants. As part of this work, I have been admitted *pro hac vice* in numerous federal courts across the country and have argued before the United States Courts of Appeal for the Second, Eighth, and Ninth Circuits.

15.    Along with my partner Paul Lukas, who is also counsel of record in this matter, I am one of the leaders of the ERISA practice group at Nichols Kaster. We have one of the most active and successful plaintiff-side ERISA litigation groups in the country. In addition to the present case, the firm's lawyers (including myself) have been appointed class counsel for litigation and/or settlement purposes in over twenty-five other class action cases involving retirement plans as set forth below:

- *Andrus v. NY Life Ins. Co.*, No. 1:16-cv-05698 (S.D.N.Y.);
- *Baker v. John Hancock Life Ins. Co. (U.S.A.)*, No. 1:20-cv-10397 (D. Mass.);
- *Beach v. JPMorgan Chase Bank, N.A.*, No. 1:17-cv-00563 (S.D.N.Y.);
- *Berry v. FirstGroup America, Inc.*, No. 1:18-cv-00326 (S.D. Ohio);
- *Bhatia v. McKinsey & Co., Inc.*, No. 1:19-cv-01466 (S.D.N.Y.);
- *Brotherston v. Putnam Investments, LLC*, No. 1:15-cv-13825 (D. Mass.);
- *Clark v. Oasis Outsourcing Holdings, Inc.*, No. 9:18-cv-81101 (S.D. Fla.);
- *Falberg v. The Goldman Sachs Group, Inc.*, No. 19-cv-9910 (S.D.N.Y.);

- *Hill v. Mercy Health Corp.*, No. 3:20-cv-50286 (N.D. Ill.);
- *In re M&T Bank Corp. ERISA Litig.*, No. 1:16-cv-00375 (W.D.N.Y.);
- *Intravia v. Nat'l Rural Elec. Coop. Assoc.*, No. 1:19-cv-00973 (E.D. Va.);
- *Johnson v. Fujitsu Tech. & Bus. of America, Inc.*, No. 5:15-cv-03698 (N.D. Cal.);
- *Karpik v. Huntington Bancshares, Inc.*, No. 2:17-cv-1153 (S.D. Ohio);
- *Kinder v. Koch Indus., Inc.*, No. 1:20-cv-02973 (N.D. Ga.);
- *Kirk v. Ret. Comm. of CHS/Community Health Sys., Inc.*, No. 3:19-cv-00689 (M.D. Tenn.);
- *Larson v. Allina Health Sys.*, No. 0:17-cv-03835 (D. Minn.);
- *Main v. American Airlines, Inc.*, No. 3:16-cv-01033 (N.D. Tex.);
- *Mass v. Regents of the Univ. of California*, No. RG17-879223 (Alameda Country Super. Ct.);
- *Moitoso v. FMR LLC*, No. 1:18-cv-12122 (D. Mass.);
- *Moreno v. Deutsche Bank Americas Holding Corp.*, No. 1:15-cv-09936 (S.D.N.Y.);
- *Reetz v. Lowe's Co.*, No. 5:18-cv-0075 (W.D.N.C.);
- *Sims v. BB&T Corp.*, No. 1:15-cv-00732 (M.D.N.C.);
- *Stevens v. SEI Invs. Co.*, No. 2:18-cv-04205 (E.D. Pa.);
- *Toomey v. DeMoulas Super Markets, Inc.*, No. 1:19-cv-11633 (D. Mass.);
- *Urakhchin v. Allianz Asset Mgmt. of America, L.P.*, No. 8:15-cv-01614 (C.D. Cal.);
- *Velazquez v. Massachusetts Fin. Servs. Co.*, No. 1:17-cv-11249 (D. Mass.); and
- *Wildman v. American Century Servs., LLC*, No. 4:16-cv-00737 (W.D. Mo.).

16.    Our firm took the *Putnam*, *American Century*, and *Lowe's* cases to trial. We received final court approval of settlements in *New York Life*, *John Hancock*, *JPMorgan Chase*, *McKinsey & Co.*, *Putnam*, *Oasis Outsourcing*, *Koch*, *M&T*, *Mercy Health*, *National Rural Electric Cooperative Association* ("*NRECA*"), *Fujitsu*, *Huntington Bancshares*, *CHS/Community Health Systems*, *Allina*, *American Airlines*, *FMR LLC* (also known as Fidelity), *Deutsche Bank*, *Lowe's* (partial settlement), *BB&T*, *SEI*, *DeMoulas Super Markets*, *Allianz*, and *Massachusetts Financial Services*. We won contested class certification motions in *Goldman Sachs*, *JPMorgan Chase*, *Putnam*, *University of California*, *Deutsche Bank*, *BB&T*, *Allianz*, and *American Century*, and reached stipulations concerning class certification in our cases with *John Hancock*, *FirstGroup*, *Fidelity*, *Lowe's*, and *Massachusetts Financial Services*. We also defeated motions to dismiss in these cases in whole or in part, including *John Hancock*, *JPMorgan Chase*, *Putnam*, *M&T*, *NRECA*, *Fujitsu*, *Goldman Sachs*, *FirstGroup*, *Huntington Bancshares*, *American Airlines*,

*University of California*, *Deutsche Bank*, *Lowe's*, *BB&T*, *DeMoulas Super Markets*, *Allianz*, *Massachusetts Financial Services*, and *American Century*, as well as in *Morin v. Essentia Health*, 2017 WL 4083133 (D. Minn. Sept. 14, 2017), *report and recommendation affirmed*, 2017 WL 4876281 (D. Minn. Oct. 27, 2017), *Nelsen v. Principal Global Investors Trust Co.*, 362 F. Supp. 3d 627 (S.D. Iowa 2019), *Davis v. Stadion Money Management*, 2020 WL 1248580 (D. Neb. March 16, 2020), and *Stark v. Keycorp*, No. 1:20-cv-01254, *ECF No.* 24 (N.D. Ohio May 4, 2021).

17.    The firm is viewed as a leader in ERISA 401(k) cases. According to a Bloomberg BNA article, "Nichols Kaster has been the driving force" behind 401(k) self-dealing litigation. *See* Jacklyn Wille, *Deutsche Bank Can't Share 401(k) Fee Lawsuit*, BLOOMBERG BNA (Oct. 17, 2016). Attorneys from Nichols Kaster have been interviewed by National Public Radio's "All Things Considered", the Wall Street Journal, Bloomberg, Financial Times, Investment News, Bankrate.com, and several trade publications in connection with their ERISA work.

## Law Firm Overview

18.    Nichols Kaster has been engaged in the practice of law for over 30 years and is devoted to representing the interests of both consumers and employees. The firm has offices in Minneapolis and San Francisco, and currently employs 30 attorneys and a sizeable staff of paralegals, legal assistants, class action clerks, and information technology professionals.

19.    Nichols Kaster has extensive class action and collective action experience. The firm has been appointed lead counsel or co-counsel on hundreds of class and collective actions, and has recovered over $750 million for its clients.

20.    Nichols Kaster was named one of the top 50 elite trial firms by National Law Journal in September 2014, and also has been ranked as a Best Law Firm by U.S. News and World Report. In addition, Nichols Kaster has received praise from numerous courts for its work. The

firm's lawyers have litigated dozens of cases through trial and have managed discovery in cases involving millions of pages of documents. The firm is also well regarded for its appellate work and has been involved in two successful appeals before the United States Supreme Court. *Perez v. Mortgage Bankers Ass'n*, 575 U.S. 92 (2015) and *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1 (2011).

21.    Based on my personal experience and Nichols Kaster's firm-wide experience litigating ERISA cases, I believe that we were well-equipped to negotiate the Settlement that was reached in this case. For further background, a copy of our resume is attached as **Exhibit D**.

## Settlement Administrator

22.    Analytics Consulting, LLC ("Analytics") has been selected to serve as the Settlement Administrator in this matter. Analytics has extensive experience administering class action settlements, including several ERISA settlements. A copy of Analytics' company profile is attached as **Exhibit E**.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 10, 2023                          *s/ Brock J. Specht*
                                               Brock J. Specht

8