USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUBRIL PECOU and ASHLEY SCHIEFER, individually and as representatives of a class of similarly situated persons, and on behalf of the Bessemer Trust Company 401(k) and Profit Sharing Plan,

    Plaintiffs,

v.

BESSEMER TRUST COMPANY and PROFIT SHARING PLAN COMMITTEE OF BESSEMER TRUST COMPANY,

    Defendants.

Case No. 1:22-cv-01019-MKV

**Order on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement**

---

    This litigation arose out of claims of alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") asserted against Defendants Bessemer Trust Company and the Profit-Sharing Plan Committee of Bessemer Trust Company in connection with the management of the Bessemer Trust Company 401(k) and Profit Sharing Plan (the "Plan").

    Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set out in a Settlement Agreement dated March 10, 2023, executed on behalf of the Parties by Class Counsel and Defense Counsel. Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

    Upon reviewing the Settlement Agreement and the papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows**:

1. **Preliminary Finding Regarding Proposed Settlement**: The Court preliminarily finds that:

    A. The proposed Settlement resulted from arm's-length negotiations by experienced and competent counsel, overseen by an experienced and neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had received pertinent information from Defendants;

    C. Class Counsel and Named Plaintiffs have submitted declarations in support of the Settlement, attesting that the proposed Settlement is fair, reasonable, and adequate; and

    D. Considering the relevant Second Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing**: A hearing will be held on January 16, 2024, at 11:00 A.M., in Courtroom 18C of the United States District Court for the Southern District of New York, before the undersigned United States Judge (the "Fairness Hearing"), to determine, among other issues:

    A. Whether the Court should approve the Settlement as fair, reasonable, and adequate;

    B. Whether notice has been provided as directed by the Court;

    C. Whether the Court should enter the Final Approval Order; and

    D. Whether the Court should approve Class Counsel's motion for attorneys' fees and expenses, Settlement Administration Expenses, and Case Contribution Awards.

3. **Settlement Administrator**: The Court approves and orders that Analytics Consulting LLC shall serve as the Settlement Administrator and be responsible for carrying out the responsibilities set forth in the Settlement Agreement.

    A.    The Settlement Administrator shall be bound by the Confidentiality and Information Security Agreements and any further non-disclosure or security protocol jointly required by the Parties, set forth in writing to the Settlement Administrator;

    B.    The Settlement Administrator shall use the data provided by Defendants, Defense Counsel, Class Counsel, Settlement Class members, and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose; and

    C.    The Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain, store, and dispose of information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**4.** **Class Certification**: The following Settlement Class is preliminarily certified for settlement purposes only pursuant to Fed R. Civ. P. 23(b)(1):

> All Participants in the Bessemer Trust Company 401(k) and Profit Sharing Plan from January 26, 2016 through the Effective Date of Settlement (the "Class Period"), except a Person who was a member of the Profit-Sharing Plan Committee of Bessemer Trust Company during the Class Period.

The Court appoints Jubril Pecou and Ashley Schiefer as representatives for the Settlement Class. Further, the Court appoints Nichols Kaster, PLLP as counsel for the Settlement Class.

**5.** **Class Notice**: The Parties have presented to the Court proposed forms of the Class Notice to current and former participants, attached as Exhibit A to the proposed Preliminary Approval Order, which is the proposed form of notice regarding the Settlement for distribution to Settlement Class members.

A. The Court approves the text of the Class Notice and finds that:

   i. the proposed Class Notice fairly and adequately:

      a. describes the terms and effect of this Settlement Agreement and of the Settlement;

      b. describes the rights of all Settlement Class members, including that and the manner in which the recipients of the Class Notice may object to approval of the Settlement;

      c. notifies the Settlement Class members that Class Counsel will seek compensation from the Settlement Fund for the Settlement Class representatives, Class Counsel, fees, costs, and approval of administrative expenses; and

      d. provides sufficient notice to all members of the Settlement Class of the time and place of the Fairness Hearing;

   ii. The proposed manner of distributing the Class Notice to Settlement Class members is the best notice practicable under the circumstances and fully complies with the requirements of Federal Rule of Civil Procedure 23 and due process.

B. Within forty-five (45) days after entry of this Order, the Settlement Administrator shall distribute the Class Notice to each Settlement Class member as specified in the Settlement Agreement, based on data provided by the Plan's recordkeeper. The Class Notice shall be mailed by electronic means and/or by first class mail to all Settlement Class members to the last known email addresses and/or mailing addresses for the Settlement Class members in the possession of the Plan's

   recordkeeper, provided, however, that if the Settlement Administrator obtains an updated address through its efforts to verify the last known email address provided by the Plan's recordkeeper, then Class Notice shall be sent thereto.

C. Before the date that Class Notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement. The Settlement Administrator shall post a copy of the Class Notice on the Settlement Website.

D. The Notice shall advise that Former Participants electing to receive their Final Individual Dollar Recovery via rollover to a qualified retirement account must mail their Former Participant Rollover Form, attached as Exhibit B to the proposed Preliminary Approval Order, to the Settlement Administrator postmarked within thirty (30) days after the Settlement Administrator has distributed the Class Notice to each Settlement Class member.

E. At or before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing Class Notice requirements.

**6.** **Preliminary Injunction**: Each Settlement Class member and their respective Successors-In-Interest is preliminarily enjoined from suing Defendants, the Plan, or any other Defendant Releasees in any action or proceeding alleging any of Plaintiffs' Released Claims, even if any Settlement Class member may thereafter discover facts in addition to or different from those which the Settlement Class members or Class Counsel now know or believe to be true with respect to the Action and Plaintiffs' Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Settlement Class member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or

tribunal asserting any of Plaintiffs' Released Claims against Defendants, the Plan, or any other Defendant Releasees.

7. **Objections to Settlement**: Any objections to any aspect of the Settlement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defense Counsel. To be timely, the objection and any supporting documents must be sent to Class Counsel and Defense Counsel at least twenty-one (21) calendar days prior to the scheduled Fairness Hearing.

8. **Motion for Final Approval and Any Responses to Objections**: Any Party may file a response to an objection by a Settlement Class member at least fourteen (14) calendar days before the Fairness Hearing, and Named Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

9. **Continuance of Hearing**: The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to Settlement Class members, other than by notice via the Court's docket or the Settlement Website.

10. **CAFA Notice**: The Court approves the form of the CAFA Notice attached as Exhibit C to the proposed Preliminary Approval Order and orders that upon the distribution of the CAFA Notice, Defendants shall have fulfilled their obligations under the Class Action Fairness Act, 28 U.S.C. §§ 1711, *et seq*.

**SO ORDERED.**

Dated: 8/15/2023
New York, NY

*Mary Kay Vyskocil*
_____
**Hon. Mary Kay Vyskocil**
**United States District Judge**