USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/6/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUBRIL PECOU and ASHLEY SCHIEFER, individually and as representatives of a class of similarly situated persons, and on behalf of the Bessemer Trust Company 401(k) and Profit Sharing Plan,<br><br>Plaintiffs,<br><br>v.<br><br>BESSEMER TRUST COMPANY and PROFIT SHARING PLAN COMMITTEE OF BESSEMER TRUST COMPANY,<br><br>Defendants. | Case No. 1:22-cv-01019-MKV<br><br>**[MKV]**<br>[Proposed] **Order on Plaintiffs' Motion for Final Approval of Class Action Settlement** |

Wherefore, this  6  day of  February  2024, upon consideration of Plaintiffs' Motion for Final Approval of the Class Action Settlement Agreement dated March 10, 2023, in the above matter, the Court hereby orders and adjudges as follows:

1.      For purposes of this Final Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all Parties to the action, including all members of the Settlement Class.

3.      The following Settlement Class is certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure for purposes of this Settlement only:

> All Participants in the Bessemer Trust Company 401(k) and Profit Sharing Plan from January 26, 2016 through the Effective Date of Settlement (the "Class Period"), except a Person who was a member of the Profit-Sharing Plan Committee of Bessemer Trust Company during the Class Period.

1

The Court finds that this Settlement Class meets all the requirements of Rule 23(a) and 23(b)(1).

4.  Under Rules 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Settlement Class members.

5.  The Court hereby approves the Settlement and orders that the Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6.  In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics Consulting LLC, the Class Notice was timely distributed by first-class mail and/or email to all Settlement Class members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Settlement Class members. In addition, under the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Settlement Class member resides and the Attorney General of the United States.

7.  The form and methods of notifying the Settlement Class members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notices of the Fairness Hearing and the rights of all Settlement Class members have been provided to all people, powers and entities entitled thereto, consistent with Rule 23 and due process.

8.  The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

        A.      The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by an experienced and neutral mediator;

        B.      The Settlement was negotiated only after Class Counsel had received pertinent information from Defendants;

        C.      The Parties were well positioned to evaluate the value of the Action;

        D.      If the Settlement had not been achieved, both Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

        E.      The amount of the Settlement ($5,000,000.00) is fair, reasonable, and adequate. The Settlement Amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

        F.      Named Plaintiffs and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

        G.      Settlement Class members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court;

        H.      There were no objections to the Settlement; and

        I.      The Settlement was reviewed by an independent fiduciary, Fiduciary Counselors, who has approved the Settlement.

9.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Plan and the Settlement Class.

10.     The Court finds that all applicable CAFA requirements have been satisfied.

11. Settlement Administration Expenses shall be paid from the Qualified Settlement Fund.

12. Named Plaintiffs shall be awarded Case Contribution Awards in the amount of $7,500 for each Named Plaintiff.

13. Class Counsel shall receive reimbursement of expenses and attorneys' fees in the amount of one-third of the Settlement Amount.

14. The Plan of Allocation has been approved.

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Fund to be allocated to each eligible Current Participant and Former Participant under the Plan of Allocation.

16. The Settlement Administrator shall distribute the Net Settlement Fund in accordance with the Plan of Allocation.

17. The payments made from the Net Settlement Fund to effect the Plan of Allocation constitute restorative payments in accordance with Revenue Ruling 2002-45.

18. All Settlement Class members and the Plan are barred and enjoined from asserting any of Plaintiffs' Released Claims against any of the Defendant Releasees, and Defendants are barred and enjoined from asserting any of Defendants' Released Claims against Named Plaintiffs.

19. This Action and all of Plaintiffs' Released Claims asserted therein, whether asserted by Named Plaintiffs on their own behalf or on behalf of the Settlement Class members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Parties other than as provided for in the Settlement Agreement.

20. The Plan, Named Plaintiffs, and each Settlement Class member and their respective Successors-In-Interest, shall be (1) conclusively deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and any other Defendant Releasees from all of Plaintiffs' Released Claims, and (2) barred and enjoined from suing Defendants, the Plan, or any other Defendant Releasees in any action or proceeding alleging any of the Plaintiffs' Released Claims, even if any Settlement Class member may thereafter discover facts in addition to or different from those which the Settlement Class member or Class Counsel now know or believe to be true with respect to the Action and the Plaintiffs' Released Claims, whether or not such Settlement Class members actually received the Class Notice, whether or not such Settlement Class members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Settlement Class members have been approved or allowed.

21. Named Plaintiffs and each Settlement Class member shall release Defendants, the Plan, any other Defendant Releasees, Defense Counsel, Class Counsel, and Plaintiff Releasees, from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Amount or Net Settlement Fund and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

22. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Defendants and the Settlement Class members pursuant to the provisions of ERISA. ~~and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Approval Order and/or Settlement Agreement.~~ **[MKV]**

5

23. Upon the Effective Date of this Order under the Settlement Agreement, all Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: February 6, 2024

_____
Hon. Mary Kay Vyskocil
United States District Judge